TOURNOIR *vs.* TOURNOIR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF POINT COUPEE.

Where the testator requested and obtained the promise of another, to convey a certain part of his estate, immediately after his death, to a third person as a legacy; this is not a substitution, but a *fidei commissum*, *i. e.* a trust in the good faith of the person interposed, that he will convey the property to the person designated.

The law declares all *fidei commissa*, null, even those in favor of persons capable of receiving legacies by will.

Two wills made at different times may stand together in all the parts in which they are not inconsistent. But where they conflict, the provisions in the last one will prevail.

This is an action instituted by Jean B. Tournoir, the executor and universal legatee of his brother, Joseph Tournoir, deceased, against the defendants, who are collateral relations of the testator, to be quieted and confirmed in his possession and title to the estate of his brother, under his last will and testament.

The testator made two wills. In the last one, under private signature, dated the 6th March, 1836, he constituted the plaintiff his executor, and made him his instituted heir and universal legatee. This will was duly admitted to probate and ordered to be executed the 26th of March following, and the plaintiff took possession of the entire estate under it.

Another will was found, dated the 17th June, 1831, made in the nuncupative form by notarial act, in which the testator bequeathed a legacy consisting of a tract of land, six slaves and four thousand dollars in money, to one Fanny Richér, f. w. c., and the balance of his property he gave to his brothers, nephews and nieces, to be divided equally among them, according to law.

The plaintiff alleges that the first will is revoked by the provisions and dispositions contained in the last one, and

EASTERN DIST.   prays that it be declared null, and that he be quieted in the
February, 1838.   enjoyment and possession of all his deceased brother's estate.

TOURNOIR
*vs.*
TOURNOIR ET AL.

M. Tournoir, one of the brothers disclaimed all right to any part of the estate, and if he has any he relinquishes it to the plaintiff. The defendants, being the nephews and nieces of the deceased, averred that the last will was null and void, on several grounds ; the last of which is, that the legacy to Fanny Richér, is a substitution, etc.

She intervened, and claimed the legacy from the executor, alleging, that it was not revoked by the second, or last will.

The defendants interrogated the plaintiff concerning this legacy, who replied, that he was charged by the testator to convey and deliver the legacy immediately after his death, to Fanny Richér.

The judge of probates was clearly of opinion, from all the evidence, that the testator was of sound mind when he made his last will, and was not operated upon by any undue influence. He was further of opinion there was no substitution contained in the will, and that both wills were valid and must be executed. He ordered the legacy to be paid to Fanny Richér, and that the balance of the property be equally divided among the legitimate heirs, after paying the debts, and giving the share of M. Tournoir, who renounced, to the plaintiff. The latter appealed.

*L. Janin,* for the plaintiff and intervenor.

The verbal directions of the testator to the plaintiff, in favor of Fanny Richér, to pay her the legacy, do not contain a prohibited substitution, and do not vitiate the will. The evidence of these directions was drawn from the plaintiff by interrogatories ; and on the question, whether under such circumstances the instituted heir is bound to answer such interrogatories, the elaborate argument of Merlin is referred to. *Merlin's Questions du Droit, verbo substitution, fidei commissaire, section* 14.

2. This bequest is clearly not a substitution. The code prohibits substitutions and *fidei commissa,* and explains the meaning, by adding, that every disposition by which the

legatee is charged to *preserve for* and *return* to a third person a part of an estate *is null*. *Louisiana Code*, 1507.

3. This legacy is not to be preserved for or *returned*, but paid over to the legatee by the instituted heir.  This was no substitution, but a naked trust allowed by law.  5 *Martin, N. S.*, 303.  *Merlin's Questions du Droit, verbo substitution, fidei commissaire, section* 14.

4. A testamentary disposition will not be annulled, unless it clearly presents a substitution and cannot be sustained on any other ground.  7 *Martin, N. S.*, 414.  4 *Ibid.*, 46. 4 *Louisiana Reports*, 502.  6 *Ibid.*, 246.  2 *Delvincourt* 103, *and notes, page* 399.  5 *Toullier* 19, 23, 32.  *Merlin, Ibid., section* 13 *and* 14.

5. Hence, it follows, in this case, that if the directions of the testator in favor of Fanny Richér, had been inserted in the testament, they would have been perfectly valid ; and they are not the less so because the testator chose to confide their execution to another person.  Mere simulation is no ground to annul an act if *it is legal in itself*. *Merlin's Questions du Droit, Ibid.*  9 *Toullier, No.* 160, 55.

*Mitchell*, for the defendants.

1. No judgment could be rendered in this case in favor of Fanny Richér ; and there is error apparent, as no answer was filed to her petition and no default taken. *Louisiana Code*, 1468.  6 *Martin, N. S.*, 450.

2. The bequest to J. B. Tournoir was a disguised donation, which is reprobated by law. *Louisiana Code*, 1507.  *Code Napoleon*, 896.  5 *Toullier, page* 19 *to* 24.

3. The will of 1836, is null on many grounds, and because it was not dictated by the testator.  It cannot stand with the first.  It should be annulled and the case remanded to settle the questions growing out of the first will of 1831, in due course of law.

*Martin, J.*, delivered the opinion of the court.

The facts of the case are these :  The plaintiff states, that on the 5th of March, 1836, his brother, J. Tournoir, made a

EASTERN DIST.
February, 1838.

TOURNOIR
vs.
TOURNOIR ET AL.

last will and testament, instituting him his universal legatee, and shortly after died ; that afterwards some of the nephews and nieces of the plaintiff and the deceased, urged that the latter had made a will in, the year 1831, by which, after a considerable legacy to Fanny Richér, he directed his estate to be divided between his heirs at law, viz : his brothers and sisters, and their children. He prayed that the second will be declared to have revoked the first, and ordered that its execution be ordered. M. Tournoir, one of the defendants, disowned any claim under the first will, and any opposition to the probate of the second. Fanny Richér intervened, and claimed her legacy. The other defendants urging the nullity of the second will, demanded execution of the first ; contending, that the testator was not of sound mind when he made the second will ; that he had not dictated, but that it had been dictated by the plaintiff ; that it contained a disguised substitution. The Court of Probates ordered the execution of both wills ; that the plaintiff as executor of the second will, pay the legacy of the intervening party, and that the remainder of the estate, after the payment of the debts of the deceased be divided among his legitimate heirs ; the portion of M. Tournoir accruing, according to his request to the plaintiff ; the costs were ordered to be paid by the estate. From this judgment the plaintiff appealed.

The defendants and appellees have prayed the reversal of the judgment, on the ground, that no judgment could be rendered in favor of the intervening party, as there was neither an answer to her petition, nor a judgment taken by default. They pray that this court may decree the nullity of the second will, leaving the questions that may grow out of the first will, to be settled by due course of law.

Their counsel has urged that the second will contained a disguised donation.

It appears to us, that the part of the decree of the Court of Probates, which relates to the legacy of the intervening party, cannot be reviewed in this court, as she does not appear to have been cited. No citation accompanies the

record, and the defendants do not appear to be before us, otherwise than by their answer. .

EASTERN DIST.
February, 1838.

We do not think the Court of Probates erred in concluding that the testator was of sound mind when the second will was made, and that it was substantially dictated by him.

TOURNOIR
vs.
TOURNOIR ET AL.

The defendants obtained, by interrogating the plaintiff, his declaration that the testator had requested him, and he had promised to transfer to the intervening party, a tract of land and six slaves, part of the testator's estate, immediately after his death ; hence, their counsel has contended, that the will contains a substitution, or *fidei commissum*, either of which is prohibited by law, or a disguised donation. They rely on the Civil Code, article 1507 : " Substitutions and *fidei commissa*, are and remain prohibited. Every disposition, by which the donee, the heir or legatee, is charged to preserve for or to return a thing to a third person, is null, even with regard to the donee, the instituted heir, or the legatee."

It is clear that there was, in this case, no substitution, for the legatee was not to retain but immediately to give the land and slaves to the intervening party ; but it is equally clear, that there was a *fidei commissum ;* a trust in his good faith, that he would not retain for himself the land or slaves, but immediately deliver them over to this party. This, the law forbids, even in cases like the present, in which the disguised donation might have been correctly made openly ; the person who was the object of the testator's benevolence, not being disabled by law to receive from him. The object of the law is to prevent the persons whom it disables from receiving donations, secretly to enjoy them. For this purpose the law prohibits all *fidei commissa*, even those in favor of persons capable of receiving. And it annuls a *fidei commissa* in favor of these persons, as well as those in favor of others. The Civil Code provides, that " when to prevent fraud, or from any other motive of public good, the law declares certain acts void, its provisions are not to be dispensed with on the ground, that the particular act in question has been proved not to be fraudulent, or not to be contrary to the public good." *Article* 19.

Where the testator requested and obtained the promise of another, to convey a certain part of his estate, immediately after his death, to a third person, as a legacy, this is not a substitution, but a *fidei commissum, i. e.*, a trust in the good faith of the person interposed, that he will convey the property to the person designated. The law declares all *fidei commissa* null, even those in favor of persons capable of receiving legacies by will.

Two wills made at different times, may stand together in all the parts in which they are not inconsistent. But where they conflict, the provisions in the last one will prevail.

The residuary legacy in the second will, cannot, therefore, be extended to the property which the plaintiff in his answer to interrogatories, has declared to be destined for the intervening party. As to this, the testator died intestate ; and it must be divided as if he had left no will.

The judge has correctly ordered the execution of both wills. There is, however, in the first will, an article, which, in our opinion, is revoked by the second. It is that by which the testator appoints his legal heirs his residuary universal legatees. The second will, appointing the plaintiff his residuary universal legatee, necessarily revokes and cancels the article in the first will which cannot stand with it. It is impossible that all the legal heirs should be residuary universal legatees, and that the plaintiff should be the residuary universal legatee ; especially as the plaintiff himself is one of the legal heirs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be annulled, avoided and reversed, and proceeding to give such a judgment, as, in our opinion ought to have been given below, it is further ordered, adjudged and decreed, that the two arpents, with a depth of forty, of the land of the deceased, with the slaves Adelaide, Furjances, her son, Aurore, her daughter, Claiborne, Frederic, Lila, be divided among all his legal heirs ; the part of M. Tournoir, according to his request, accruing to the plaintiff ; that the plaintiff, as executor of the deceased, pay to the intervening party, her legacy of four thousand dollars, in the first will ; and that the plaintiff be declared the residuary and universal legatee of the deceased. The costs in both courts to be paid out of the estate.