|        |      |
|--------|------|
| 3r     | 31   |
| 117    | 791  |

## Succession of Thomas E. Bowles—Alexander L. Field, Curator, Appellant.

*Posterior testaments, which do not expressly revoke prior ones, will annul such dispositions in them, as are incompatible with, contrary to, or entirely different from the provisions of the former. Thus, the appointment of one as sole executor, will annul any appointment of another executor made in a previous will.*

Appeal from the Probate Court of St. Mary, *Sallis*, acting J. *Dwight*, for the appellant.
*Maskell*, and *Lewis*, contra.

Garland, J. The appellee, Eleanor Mathison, being authorized by her husband, presented her petition to the Court of Probates, alleging that Thomas E. Bowles had died a short time previously, having made a nuncupative will by public act, in which she was instituted sole heir and universal legatee, and appointed executrix. She prays for the registry and execution of the will, and that letters testamentary may be issued to her. On the same day, the Probate Court decreed according to the prayer of the

petition, and soon after the executrix was qualified. From this judgment, Field, the curator of the interdicted mother of the testor, has appealed.

In this court the appellant assigns various errors apparent on the face of the record ; but the view we have taken of the case, makes it unncessary to mention, or to decide but upon one objection.

In another case, which has been submitted to us with this, (*post* p. 33,) Mathison, the husband of Eleanor Bowles, presents to the lower court a petition, stating the proceedings had in this case, and alleging that the testator had made another will, by private act, in Tennessee, where he died, in which said Eleanor is still the instituted heir and universal legatee, but upon conditions different from those specified in his first will, and said Mathison is appointed the sole executor. A copy of the last will, alleged to have been admitted to probate in Tennessee, was presented, and a prayer made for its registry and execution, according to law. This application was granted, and Mathison received letters testamentary. This last instrument he insists is legal and binding.

The tacit revocation of a will, results from some disposition of the testator in a subsequent testament, or from some act which supposes a change of intention. Civ. Code, art. 1684. Posterior testaments which do not, in an express manner, revoke the prior ones, annul in the latter such of the dispositions as are incompatible with, contrary to, or entirely different from the new ones. Civ. Code, art. 1686. By the last will, Mathison is appointed sole executor, instead of his wife. This is such a change in the intention of the testator, as revokes the nomination of Eleanor Mathison, as executrix ; to which, in fact, she seems to have submitted. 12 La. 19. The granting letters testamentary to her was done in error, and the judge, in his judgment according them to Mathison, should have annulled those given previously to his wife.

As the mere recording of a will purporting to have been made by public act, cannot in any way injure the appellant or effect his rights, we see no utility in inquiring into the manner in which it was done. If the party wish to sue to annul the instrument, the fact of the paper being on record presents no obstacle to his doing so.

The judgment of the Probate Court, so far as it orders the ex-

ecution of the will in question in those parts contrary to the second one, and grants letters testamentary to Eleanor Bowles, is annulled and reversed, and in other respects affirmed ; the appellee paying the costs of the appeal.